## L. S. PLAUT & CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16563.  Promulgated February 21, 1929.

*R. Kemp Slaughter, Esq.*, and *Hugh C. Bickford, Esq.*, for the petitioner.

*Arthur Carnduff, Esq.*, for the respondent.

PHILLIPS: The Commissioner determined deficiencies of $1,737.30 and $2,588.75 in income and profits taxes for the fiscal years ended January 31, 1921, and January 31, 1922, respectively. The petitioner instituted this proceeding for a redetermination thereof, alleging (1) that the Commissioner failed to allow as a part of the invested capital of the petitioner any value for good will acquired at the date of incorporation in exchange for common stock of $199,000 and the payment of $1,000 in cash, (2) that the Commissioner failed to allow as a part of invested capital any value of a leasehold assigned to the petitioner upon incorporation for capital stock of the par value of $100,000, and (3) that the Commissioner failed to allow a deduction in each of the fiscal years for the amortization or exhaustion of such leasehold.

### FINDINGS OF FACT.

The petitioner is a New Jersey corporation with its principal office in Newark, and is affiliated for purposes of taxation with the Charter Oak Realty Co.

The petitioner was organized on August 1, 1915, at which time it took over the entire business, assets and good will of a partnership

**536**

theretofore conducted by Louis Plaut and Moses Plaut. The said partnership and its predecessors had conducted a department store business in the City of Newark since on or about the year 1870. Said corporation also took over from the partnership a certain lease for a period of 50 years from May 1, 1912, upon the building and grounds located at 721 Broad Street, Newark, N. J. On August 1, 1915, said leasehold had an actual cash value of $100,000. The good will of the business transferred by the partnership to the petitioner had no more than a nominal cash or market value at the date of such transfer. For such leasehold and good will the petitioner issued to the partnership $299,000 par value of its common capital stock and paid $1,000 in cash. The Commissioner refused to permit petitioner to include any value for such good will or for such leasehold in computing its invested capital and refused to allow any deduction for the exhaustion or amortization of the value of such leasehold.

> On the first assignment of error the respondent is sustained. On the second and third assignments of error the respondent is reversed. Decision will be entered under Rule 50.